Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

11th Division

|  |  |
|---|---|
| Miranda Whitworth | Case No. |
| *Plaintiff(s)* | _____ |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | *(to be filled in by the Clerk's Office)* |
| **-v-** | Jury Trial: *(check one)*  [X] Yes  [ ] No |
| Franklin County Detention Center | |
| Officer Jonathon Tyler Chambers | |
| Officer Danny Bryan Woods | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Miranda Whitworth |
| Address | 466 Misty Mills Rd |

| | | |
|---|---|---|
| Lavonia | Ga | 30553 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Franklin |
| Telephone Number | 706-491-2227 |
| E-Mail Address | mirandawhitworth44@icloud.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Officer Jonathon Tyler Chambers |
| Job or Title *(if known)* | Franklin County Deputy |
| Address | 1 James Little Street        P. O Box 310 |

| | | |
|---|---|---|
| Carnesville | Ga | 30521 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Franklin |
| Telephone Number | 706-384-2525 |
| E-Mail Address *(if known)* | |

[X] Individual capacity    [X] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Officer Danny Bryan Woods |
| Job or Title *(if known)* | Franklin County Deputy |
| Address | 1 James Little Street        P. O Box 310 |

| | | |
|---|---|---|
| Carnesville | Ga | 30521 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Franklin |
| Telephone Number | 706-384-2525 |
| E-Mail Address *(if known)* | |

[X] Individual capacity    [X] Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Franklin County Detention Center |
| Job or Title *(if known)* | Sheriffs Department |
| Address | 1 James Little Street   P. O. Box 310 |

| | | | |
|---|---|---|---|
| | Carnesville | Ga | 30521 |
| | *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Franklin |
| Telephone Number | 706-384-2525 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | | |
|---|---|---|---|
| | *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:
☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Violation of constitutional rights secured under the First, Fourth, and Fourteenth Amendments

C.    Plaintiffs suing under Bivens may only recover for the violation of certain constitutional rights. If you are suing under Bivens, what constitutional right(s) do you claim is/are being violated by federal officials?

D.      Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendants acted under the color of state law as a law enforcement officer performing official duties, for the Franklin County Sheriff's Office, including a unlawful arrest, illegal search and seizure, use of excessive force, interference with medical treatment, and prohibiting Plaintiff's right from recording in public, making them liable under 42 U.S.C. §1983.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.      Where did the events giving rise to your claim(s) occur?

1. McDonald's parking lot at 13786 Jones St in Lavonia, GA - Franklin County

2. St Mary's Sacred Heart Hospital at 367 Clear Creek Pkwy Lavonia, GA -. Franklin County

D.      What date and approximate time did the events giving rise to your claim(s) occur?

1. June 24, 2023, approximately 1:00 AM – at McDonald's

2. June 24, 2023, approximately 2:00 AM - St Mary's Sacred Heart Hospital

E.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. **Excessive Force (Fourth Amendment) – Officer Chambers and Officer Woods**

Plaintiff was parked at McDonald's awaiting a food order when Officer Chambers approached her vehicle stating he was conducting a welfare check. Plaintiff informed him she was fine, then Officer Chambers ordered Plaintiff to exit the vehicle. When Plaintiff questioned why she needed to exit the vehicle, since she had not committed a crime, Officer Chambers stated he was giving a lawful order and threatened Plaintiff with arrest for obstruction if she didn't comply with his orders. Officer Chambers stated Plaintiff was interfering with his DUI investigation. When Plaintiff questioned if Officer Chambers was going to conduct field sobriety test, Officer Chambers stated he was not field sobriety certified. Plaintiff, experiencing fear and anxiety, due to Officer Chambers escalating situation and becoming irate, requested a supervisor and she would exit the vehicle and Officer Chambers agreed. Despite agreeing to wait for a supervisor, Officer Woods arrived, and Plaintiff was immediately pulled from the vehicle and thrown to the ground by both officers. The use of force was unreasonable and excessive, as Plaintiff was noncombative, and led to a back injury and trauma

2.  **Illegal Search and Seizure, Prohibiting Video Recording (First and Fourth Amendments) – Officer Woods**

As Officer Chambers was handcuffing the Plaintiff, Officer Woods went inside driver side of vehicle and stopped Plaintiff's phone and dash cam from further recording the incident – a protected act under the First Amendment. Officer Woods then opened the passenger side door and began searching Plaintiff's purse. When Plaintiff stated to Officer Woods, he did not have consent to search, Officer Woods responded that he was conducting an inventory because the car would be towed. However, no other part of the vehicle was searched. Plaintiffs purse was only area searched, and her prescription medications were placed on top of her vehicle. The vehicle was never towed and was released to the Plaintiff's family.

3.  **Unlawful Arrest Without Probable Cause and Retaliation (Fourth and Fourteenth Amendments) – Officer Chambers and Officer Woods**

Plaintiff was placed in Officer Chamber's patrol car and placed under arrest for two counts of obstruction and DUI, even though her vehicle was parked. Body cam footage shows Officer Chambers ask Officer Woods "if there was anything he could do about charging Plaintiff with DUI. Woods responded that Chambers could ask Plaintiff to consent to field sobriety test, which she did. As Officer Woods conducted the FST, Plaintiff's parents arrived. Officer Woods stated to Officer Chamber's that Plaintiff failed FST and Plaintiff was put back on Officer Chambers vehicle. Plaintiff's father stated to Officer Woods that he knew Plaintiff did not drink alcohol, Officer Woods reported he saw no signs of alcohol impairment and speculated without basis about her prescription medication. Officer Chambers stated to Plaintiff's mother that he needed to take pictures of her medication because that would be evidence in her case.

Upon arriving at the hospital, Officer Chambers had conversation EMT driver about Plaintiff "faking injuries" and "if Plaintiff had just complied with his commands, he would have let her go" now "he would sit at the hospital all night until he made sure Plaintiff went to jail". These comments suggest the arrest was motivated by defiance and retaliation, not a legitimate legal cause.

4.  **Interference with Medical Treatment (Fourteenth Amendment) – Officer Chambers**

At St Mary's Sacred Heart Hospital, Officer Chambers interfered with medical treatment, Plaintiff's discharge, withheld documentation, and influenced medical staff that Plaintiff was "lying "and faking injuries which led to medical neglect and violated Plaintiff's rights.

While the doctor was assessing Plaintiff, Officer Chamber's stood over Plaintiff in bed, interrupted the doctor and asked to speak privately in the hall, which the doctor agreed. Bodycam footage later showed Officer Chambers telling doctor that Plaintiff was "lying" and she laid on the ground on her own. Doctor said, "ok and he would get me out of there" and never returned to room to finish assessing Plaintiff.

Plaintiff was taken for CT scan where Officer Chambers turned audio off on his body cam and seen having conversation with lady in separate room and turned audio back on when returning to room with Plaintiff. Doctor returned to room and told Plaintiff "Nothing was wrong with her" and "wasn't surprised by result and she was good to go". A staff member entered, handed Plaintiff unexplained paper to sign, handed paper to Officer Chambers along with other papers, Plaintiff never received any documentation.

Although Officers Chambers insisted Plaintiff had no injuries, he placed her in the medical unit at the jail, where she remained without care for an entire weekend. Upon release, a different hospital confirmed a back injury. Record from St. Mary's also documented the injury, though Plaintiff was never informed or treated.

5. **Municipal Liability for Failure to Investigate, Train, or Discipline**

The Franklin County Sheriff's Office ignored the Plaintiff's written complaint and letter of intent submitted ante litem regarding the officers' misconduct during the incident at McDonald's, thus violating the Plaintiff's First Amendment right to petition the government for redress of grievances and the Fourteenth Amendment's Due Process Clause. This inaction demonstrates a deliberate indifference to the rights of the Plaintiff and reflects a failure to adequately train or supervise officers. By neglecting to address the complaint, the Sheriff's Office denied the Plaintiff the opportunity for accountability and remedy, causing her further emotional distress and undermining public trust in law enforcement.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive

.

1. **Physical Injuries:** Plaintiff suffered lower back pain, muscle stiffness, and radiating discomfort down the legs due to being forcefully removed from the vehicle and denied proper medical care. Plaintiff later sought treatment, received diagnostic imaging, and was prescribed medication and physical therapy.

2. **Long-Term Impact:** Plaintiff has been diagnosed with by neurosurgeon that she will need surgery or just live in pain that's only going to get worse. Ongoing physical pain has interfered with Plaintiff's daily functioning, employment, and quality of life. Plaintiff experienced severe emotional distress, including anxiety, insomnia, fear of law enforcement, and humiliation as a result of unlawful arrest, public disparagement, and mistreatment.

3. **Lack of Care While in Custody:** Despite placement in the jail's medical unit, Plaintiff received no evaluation or treatment during the weekend of her detention, exacerbating her physical condition.

4. **Financial Stress and Damage to Credit:** Plaintiff also faces financial due to unresolved medical debt from treatment that should have been covered by Franklin County Detention Center during her time in custody.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff respectfully asks the Court to:

1. Award compensatory damages, including:

- Emotional distress, reputation harm, pain and suffering
- Past and ongoing medical expenses
- Lost income and employment opportunities
- Debt in collections, including correction of Plaintiff's credit report
- Transportation and license-related costs

2.      Award punitive damages to deter:

- Abuse of authority and police misconduct
- Retaliation for protected speech
- Medical neglect and unlawful arrest

3.      Order expungement and full dismissal of all charges arising from the arrest.

4.      Order removal of all medical billing incurred while Plaintiff was in custody from Plaintiff's credit and reassign financial responsibility to the Franklin County Sheriff's Office, pursuant to custodial duty and state policy.

5.      Grant any additional relief the Court deems just and .proper

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      06/21/2025

Signature of Plaintiff      *Miranda Whitworth*

Printed Name of Plaintiff   Miranda Whitworth

**B.**     **For Attorneys**

Date of signing: _____

Signature of Attorney
_____

Printed Name of Attorney
_____

Bar Number
_____

Name of Law Firm
_____

Address
_____

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

Telephone Number
_____

E-mail Address
_____