IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **MIRANDA WHITWORTH,**<br><br>*Plaintiff,*<br><br>v.<br><br>**FRANKLIN COUNTY DETENTION CENTER,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00106-TES** |

**ORDER TO FILE RECAST COMPLAINT**

On June 27, 2025, and June 30, 2025, the Clerk of Court received two complaints from pro se Plaintiff Miranda Whitworth. *See* Complaint, *Whitworth v. Franklin Cnty. Det. Ctr., et al. ("Whitworth I")*, No. 3:25-cv-00106-TES (M.D. Ga. June 27, 2025), Dkt. No. 1; Complaint, *Whitworth v. St. Mary's Sacred Heart Hosp. ("Whitworth II")*, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1. Plaintiff also sought leave to proceed *in forma pauperis* in both cases. *Whitworth I*, Dkt. No. 2; *Whitworth II*, Dkt. No. 2.

A.  **Plaintiff's Motions for Leave to Proceed *In Forma Pauperis***

District courts may allow a plaintiff to file a lawsuit—or lawsuits, as is the case here—without prepaying fees and costs under 28 U.S.C. § 1915, which provides that:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of

>all assets such [person] possesses that the person is unable to pay such fees
>or give security therefor. Such affidavit shall state the nature of the action,
>defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]."). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez*, 364 F.3d at 1307. After reviewing the statements Plaintiff makes in her requests to proceed *in forma pauperis*, the Court, via *Whitworth I*, **GRANTS** her leave to proceed without paying for court fees and costs. *See also Whitworth II*, Dkt. No. 2.

    **B.**    <u>**Plaintiff's Cases: *Whitworth I* and *Whitworth II***</u>

To begin, the Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal ones drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Here, relying on 42 U.S.C. § 1983, *Whitworth I* asserts individual and official capacity claims against Franklin County Sheriff's Deputies Jonathan Tyler Chambers and Danny Bryan Woods, as well as a claim against the Franklin County Sheriff's Office for alleged violations of Plaintiff's First, Fourth, and Fourteenth Amendment rights. *See Whitworth I*, Dkt. No. 1, pp. 4, 6. To state a claim for relief under § 1983, Plaintiff must

allege (1) that an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The first Court addresses Plaintiff's attempt to sue the Franklin County Sheriff's Office. *See Whitworth I*, Dkt. No. 1, p. 3. The Franklin County Sheriff's Office is not a proper defendant in this action. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). This question is, therefore, governed by Georgia law. The Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 368 S.E.2d 500, 502 (Ga. 1998).

The Franklin County Sheriff's Office is not a legal entity capable of being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (citing *Ga. Insurers Insolvency Pool*, 368 S.E.2d at 502) ("We note that the Thomas County Jail is not an entity capable of being sued under Georgia law."); *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005). "For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity." *Gibson v.*

3

*Santa Rosa Cnty. Sheriff's Off.*, No. 3:06CV388 RVEMT, 2006 WL 2927435, at *2 (N.D. Fla. Oct. 11, 2006). Since Plaintiff named the improper party, the Court **DISMISSES** the claims she asserts against the Franklin County Sheriff's Office. The Court addresses Plaintiff's claims against Deputy Chambers and Deputy Woods below.

Next, in *Whitworth II*, Plaintiff also seeks relief under § 1983, but she asserts that case against St. Mary's Sacred Heart Hospital. Plaintiff alleges that the hospital failed to provide her proper medical care while she was in state custody in violation of the Fourteenth Amendment. *See Whitworth II*, Dkt. No. 1, pp. 5–6. Both *Whitworth I* and *Whitworth II* encompass common questions of law or fact. Fed. R. Civ. P. 42(a). To be sure, Plaintiff cross-references both cases in her pleadings such that consolidation would promote the interests of judicial economy, efficiency, and convenience. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). Further, such consolidation likely would not yield any countervailing inconvenience, delay, prejudice, or expense for the Court or the litigants. *See id.*

The Eleventh Circuit has explained that consolidation pursuant to Federal Rule of Civil Procedure 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Fl. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). For these reasons, the Court **CONSOLIDATES** *Whitworth II* **INTO** *Whitworth I* and **FURTHER ORDERS** that *Whitworth II*, No. 3:25-cv-00108-TES, be **ADMINISTRATIVELY CLOSED**. To

4

avoid any confusion, all future filings in these consolidated proceedings should be made in *Whitworth I*, No. 3:25-cv-00106-TES.

### C. <u>Legal Standards</u>

Since Plaintiff is proceeding *in forma pauperis*, § 1915(e) requires the Court to review her pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a

5

court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of

6

frivolousness is not." *Id.*

> D. <u>**Frivolity Review**</u>

In *Whitworth I*, Plaintiff alleges violations of her rights under the First, Fourth, and Fourteenth Amendments, arising from her arrest in the early hours of June 24, 2023, and her subsequent hospital visit and pretrial detention. Dkt. No. 1, p. 4. For relief, Plaintiff seeks compensatory and punitive damages, expungement of all charges related to her arrest, and removal of related medical debt from her credit report. *Id.* at pp. 6–7. With respect to these claims against Deputy Chambers and Deputy Woods in their official capacity, it is well established that such claims are barred by Eleventh Amendment immunity. *See Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003); *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1347 (11th Cir. 2003). In Georgia, as employees of the county sheriff, Deputy Chambers and Deputy Woods function as "arms of the state"—not of the county—while discharging most of their duties. *Scruggs v. Lee*, 256 F. App'x 229, 232 (11th Cir. 2007); *see also Manders*, 338 F.3d at 1328.

Therefore, the Court **DISMISSES** Plaintiff's official capacity claims under § 1983 against Deputy Chambers and Deputy Woods as barred by the Eleventh Amendment. *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Manders*, 338 F.3d at 1308) ("The Eleventh Amendment to the United States Constitution bars suit in federal court against an 'arm of the state,' except where such immunity is waived by the state or abrogated by Congress."); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983

does not . . . abrogate the Eleventh Amendment immunity of the States").

In *Whitworth II*, Plaintiff alleges that St. Mary's Sacred Heart Hospital acted under color of state law when a physician allegedly deferred to law enforcement for how to treat her serious medical needs. Dkt. No. 1, pp. 5–6. For this, Plaintiff seeks compensatory and punitive damages. *Id.* at p. 7.

### 1. *Whitworth I:* Excessive Force (Fourth Amendment)

The Court turns to Plaintiff's claims against Deputy Chambers and Deputy Woods in their individual capacities. First, Plaintiff claims that they used excessive force when they arrested her, in violation of the Fourth Amendment. *Whitworth I*, Dkt. No. 1, p. 4. A law enforcement officer violates the Fourth Amendment when he uses excessive force in making an arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Charles v. Johnson*, 18 F.4th 686, 699 (11th Cir. 2021). The Supreme Court has long recognized that the power to make an arrest necessarily entails the power "to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 389. Indeed, in evaluating the use of force, a court's analysis must "embody allowance for the fact that [law enforcement] officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97.

The Eleventh Circuit instructs "[t]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officer's actions are

8

'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Kesinger v. Herrington*, 381 F.3d 1243, 1248 (11th Cir. 2004) (citation omitted). The analysis reviews the totality of the circumstances, evaluating "(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." *Draper v. Reynolds*, 369 F.3d 1270, 1277–78 (11th Cir. 2004).

Here, Plaintiff alleges that around 1:00 A.M. on June 24, 2023, while she was parked at a McDonald's in Lavonia, Georgia, waiting for a food order, Deputy Chambers approached her vehicle to conduct a welfare check. *Whitworth I*, Dkt. No. 1, p. 4. She informed Deputy Chambers that she was fine, yet he ordered her to exit her vehicle. *Id.* When Plaintiff asked him why she needed to exit the vehicle, he threatened to arrest her for obstruction. *Id.* Plaintiff requested a supervisor, and Deputy Chambers agreed to allow her to remain in the vehicle until the supervisor arrived. *Id.* However, when Deputy Woods arrived, he and Deputy Chambers forcibly removed her from her vehicle and, even though she was noncombative, they threw her to the ground, injuring her back. *Id.* at pp. 4, 6.

As Plaintiff tells it, she was neither fleeing nor fighting, and the suspected offense—a DUI while parked—was fairly minor, yet she was subjected to force that resulted in a back injury that may allegedly require surgery. *Id.* at pp. 4–6. Accepting these allegations as true, *Neitzke*, 490 U.S. at 326, Plaintiff's § 1983 claim for excessive

force under the Fourth Amendment against Deputy Chambers and Deputy Woods survives frivolity review. *See Graham*, 490 U.S. at 396.

### 2. *Whitworth I:* Illegal Search and Seizure; Interference with Video Recording (First and Fourth Amendment)

Next, Plaintiff asserts a Fourth Amendment unlawful search claim and a First Amendment interference claim. *Whitworth I*, Dkt. No. 1, p. 5. She alleges that Deputy Woods entered her vehicle without her consent, stopped her phone and dashcam from recording the encounter, and searched her purse under the guise of an inventory search, all in violation of the First and Fourth Amendments. *Id.* The Fourth Amendment generally prohibits warrantless searches unless an exception applies. U.S. Const. amend. IV; *New York v. Belton*, 453 U.S. 454 (1981). Additionally, the First Amendment protects the right to record law enforcement officers performing their duties in public, subject to reasonable limitations, and interference with that right may give rise to a constitutional claim. *See Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000); *Dunn v. City of Fort Valley*, 464 F. Supp. 3d 1347, 1366–67 (M.D. Ga. 2020). Plaintiff's allegations are sufficient to survive frivolity with respect to her § 1983 claims under both the First and Fourth Amendments against Deputy Chambers and Deputy Woods.

### 3. *Whitworth I:* Unlawful Arrest and Retaliation (Fourth and Fourteenth Amendments)

Plaintiff further claims that her arrest was unsupported by probable cause and, instead, was merely retaliation for requesting a supervisor and questioning the legality

of Deputy Chambers' order to exit her vehicle. *Whitworth I*, Dkt. No. 1, p. 5. In support of this claim, she alleges that her vehicle was parked, that she consented to a field sobriety test, that her father informed Deputy Woods that Plaintiff did not drink alcohol. *Id.* Further, Plaintiff alleges that "[Deputy] Woods reported he saw no signs of alcohol impairment and speculated without basis" that Plaintiff might have been under the influence of her prescription medication. *Id.* At this stage, these allegations are sufficient for Plaintiff's retaliation claim against Deputy Chambers to survive this initial frivolity review.

### 4. *Whitworth I:* Interference with Medical Treatment (Fourteenth Amendment)

Plaintiff also asserts an interference with medical treatment claim under the Fourteenth Amendment. *Whitworth I*, Dkt. No. 1, p. 5. She alleges that after her arrest, Deputy Chambers took her to St. Mary's Sacred Heart Hospital in Lavonia. *Id.* While at the hospital, Plaintiff claims that Deputy Chambers interfered with her medical treatment by influencing the medical staff to deny her care, resulting in the exacerbation and delayed diagnosis of her back injury. *Id.* at pp. 5–6; *see also Whitworth II*, Dkt. No. 1.

"The Due Process Clause of the Fourteenth Amendment requires government officials to provide medical care to individuals who have been injured during apprehension by the police." *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). To state a claim under

§ 1983 for failure to provide prompt medical attention, a plaintiff must allege (1) "the existence of an objectively serious medical need" and (2) that the defendant was "deliberately indifferent to [that] medical need." *Id.*

An "objectively serious medical need" is "one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.*; *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (alteration in original). And to show subjective deliberate indifference, a plaintiff must ultimately "present, for each [defendant], evidence from which a reasonable jury could conclude that (1) the [defendant] was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], (2) the [defendant] actually drew that inference, (3) the [defendant] disregarded the risk of serious harm," and (4) the [defendant's] conduct amounted to "subjective recklessness as used in the criminal law." *Valderrama*, 780 F.3d at 1116; *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).[1]

Here, Plaintiff alleges that while a doctor assessed her at the hospital, Deputy

---

[1] Courts in the Eleventh Circuit continue to assess Fourteenth Amendment denial-of-medical-care claims brought by pretrial detainees under the same subjective standard used to assess analogous Eighth Amendment claims brought by post-conviction inmates. *See Burnett v. Taylor*, 533 F.3d 1325 (11th Cir. 2008); *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017). Under this standard, a plaintiff must ultimately "demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,'" which requires a showing of actual knowledge—"the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). Although that's a high bar to clear, a defendant cannot escape liability where he was willfully blind—that is, where he "refused to verify underlying facts that he strongly suspected to be true[] or declined to confirm inferences of risk that he strongly suspected to exist." *Farmer*, 511 U.S. at 843 n.8.

Chambers "stood over Plaintiff in bed, interrupted the doctor," and asked to speak to the doctor privately in the hall, where he denied that Plaintiff had been thrown to the ground and told the doctor Plaintiff was "lying" about her injuries. *Whitworth I*, Dkt. No. 1, p. 5. The doctor told Deputy Chambers that he "'would get [Plaintiff] out of there'" and—according to Plaintiff—the doctor "never returned to her room to finish assessing [her]." *Id.* Accepting these allegations as true, Plaintiff's allegations are enough to survive frivolity review with respect to her § 1983 claim for deliberate indifference to serious medical needs under the Fourteenth Amendment against Deputy Chambers. *Valderrama*, 780 F.3d at 1116 (citation omitted).[2]

### 5. *Whitworth I:* State-Law Claims

Although Plaintiff frames her cases as arising under § 1983, the Court—as already explained—liberally construes pro se pleadings. *See Hughes*, 350 F.3d at 1160; Fed. R. Civ. P. 8(e). Accordingly, the Court **CONSTRUES** Plaintiff's Complaint in

---

[2] Plaintiff also complains that Franklin County stuck her with the hospital bill and asks the Court to "reassign financial responsibility" for her medical bills "to the Franklin County Sheriff's Office." *Whitworth I*, Dkt. No. 1, p. 6. Under Georgia law, when an individual is in the sheriff's custody, the county is responsible for providing that individual with "any needed medical and hospital attention." O.C.G.A. § 42-5-2(b). Yes, the Constitution requires the government to provide medical care to individuals who were injured during apprehension, but it does not require the government itself to provide the care directly or even pay for the care, leaving cost-allocation to state law. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244–45 (1983). "[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *Id.* at 245. Section 1983 does not create a cause of action to enforce state law; thus, the Court cannot grant the relief Plaintiff seeks. *See Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) (citation omitted) (noting that § 1983 must not be used "as a 'font of tort law' to convert state tort claims into federal causes of action").

13

*Whitworth I* as also asserting potential claims under Georgia tort law, based on the same factual allegations, against each Defendant. Dkt. No. 1, p. 5.

Specifically, Plaintiff's allegations that Deputy Chambers and Deputy Woods arrested her without probable cause, threw her to the ground, and interfered with her medical care while in custody might support state-law claims such as false arrest, false imprisonment, battery, intentional infliction of emotional distress, or negligence. *See id.* at pp. 4–6; *Whitworth II*, Dkt. No. 1, pp. 5–6. While Plaintiff's allegations could also be construed to assert a malicious prosecution claim under O.C.G.A. § 51-7-40, such a claim requires an allegation of favorable termination of the criminal charges, which Plaintiff has not pled.

Even under the lenient standard of § 1915(e), however, these potential claims are insufficient to survive this frivolity review. If Plaintiff wishes to pursue state-law claims against Deputy Chambers and Deputy Woods, she must clarify her allegations so that they have proper notice of them. *See Iqbal*, 556 U.S. at 678; *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend [her] complaint instead of dismissing it."). After all, the sole purpose of a complaint is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Johnson v. Oconee Ctr. Cmty. Serv. Bd.*, No. 5:24-CV-00208-TES, 2024 WL 4392378, at *3 (M.D. Ga. Oct. 3, 2024) (quoting *Bell Atl. Corp. v.*

14

*Twombly*, 550 U.S. 544, 572 (2007)).

Plaintiff should be aware that, under Georgia law, state officers and employees are subject to individual liability "only when they negligently perform or fail to perform their ministerial functions or when they act with actual malice or intent to cause injury in the performance of their official functions." *Peterson v. Baker*, 504 F.3d 1331, 1339 (11th Cir. 2007) (quoting *Gilbert v. Richardson*, 452 S.E.2d 476, 483 (Ga. 1994)). As to any "official liability" against Deputy Chambers and Deputy Woods for violation of state law, the Court reminds Plaintiff that state tort immunity under the Georgia Tort Claims Act will bar such claims. "The state shall have no liability for losses resulting from . . . [a]ssault, battery, false imprisonment, false arrest, malicious prosecution, [or] abuse of process[.]" O.C.G.A. § 50-21-24; *see also Siddiqui v. Wade*, No. 1:06-CV-1396-WSD-RGV, 2006 WL 8433557, at *14 (N.D. Ga. Dec. 13, 2006), *report and recommendation adopted*, No. 1:06CV1396 WSD, 2007 WL 1020802 (N.D. Ga. Apr. 2, 2007).

Plaintiff must also provide factual details to support any state-law claims she may seek to bring in her recast complaint. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). So, when Plaintiff recasts her complaint, she must plead "at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

15

Finally, Plaintiff should also understand that an amended or recast complaint generally supersedes the original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted). In other words, Plaintiff's recast complaint will replace her original pleadings from *Whitworth I* and *Whitworth II*. The Court will not refer to either of Plaintiff's previous original pleadings from *Whitworth I* or *Whitworth II* when it conducts its frivolity review of her recast complaint.

### 6.     *Whitworth II:* Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment)

In *Whitworth II*, Plaintiff alleges a violation of § 1983, asserting that St. Mary's Sacred Heart Hospital acted with deliberate indifference to her serious medical needs. Dkt. No. 1, pp. 5–6. Again, to state a claim for relief under § 1983, Plaintiff must allege (1) that an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by <u>a person</u> acting under color of state law. *Hale*, 50 F.3d at 1582.

The second prong requires that <u>a person</u> be acting under color of state law. Here, St. Mary's Sacred Heart Hospital is clearly not a person. Thus, prong two is not satisfied. However, at this early stage it is unclear whether a person at St. Mary's Sacred Heart Hospital could be a state actor under the state compulsion test. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

A private citizen "may be viewed as a state actor under § 1983 '[o]nly in rare circumstances.'" *Brown v. Lewis*, 361 F. App'x 51, 54 (11th Cir. 2010) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)). The Eleventh Circuit has a few tests to determine whether a private citizen acted under color of state law for the purposes of § 1983. *Id*. One such test, the "state compulsion" test, applies when the government has coerced or significantly encouraged a private party's unconstitutional conduct. *Id.* Additionally, a private individual may be held liable under § 1983 if they conspire with state actors to violate a plaintiff's constitutional rights. *Id.* Considering this, Plaintiff may recast her allegations concerning her treatment at St. Mary's Sacred Heart Hospital to further clarify her allegations and provide factual details against "a person" to potentially support a claim. *See Iqbal*, 556 U.S. at 678; *Hale*, 50 F.3d at 1582.

E.   **Order to Recast**

If Plaintiff wishes to proceed with this action, the Court **ORDERS** her to submit *one* recast complaint within **21 DAYS** of the date of this Order. When drafting her recast complaint, Plaintiff must list, preferably in numbered paragraphs, responses to the following questions (to the extent possible) along with the names of each Defendant she seeks to assert claims:

(1) What did each defendant do (or not do) to violate your rights? In other words:

   (a) What was the extent of each defendant's authority or role in the allegedly prohibited conduct?

(b) Was the defendant personally involved in the alleged violation? If not, did that defendant's actions otherwise cause the alleged violation? How do you know?

(2) When and where did each violation occur (to the extent memory allows)?

(3) How were you harmed as a result of each defendant's actions or decisions?

(4) How and when did each defendant learn of the purported violation?

(5) What did each defendant do (or not do) in response to this knowledge?

(6) What relief do you seek from each defendant?

Plaintiff's recast complaint should be consistent with the Court's dismissals in this Order regarding the Franklin County Sheriff's Office and her official capacity claims pursuant to § 1983 for Deputy Chambers and Deputy Woods. Plaintiff should state her claims as simply as possible and need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8. When submitted for filing, Plaintiff's recast complaint must show this case number: 3:25-cv-00106-TES. Plaintiff's failure to comply with this Order may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**F.    Conclusion**

Subject to the above analyses, Plaintiff's recast complaint must include all claims she wishes to pursue related to this incident, including her federal claims that have survived this initial review from either original pleading. Her recast complaint will

supersede both of her original pleadings *in their entirety* and must set forth all claims related to this incident. Upon filing, Plaintiff must ensure that her recast complaint bears "3:25-cv-00106-TES" as the case number since the Court consolidated *Whitworth II* into *Whitworth I*.

Although Plaintiff's § 1983 claims against Deputy Chambers and Deputy Woods in their individual capacities survive this initial screening, the Court, in the interest of efficiency and clarity, will conduct further screening under § 1915(e) upon receipt of the recast complaint and will address service of process at that time. Service of process shall not issue until further order from the Court.

**SO ORDERED**, this 15th day of July, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**