IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MIRANDA WHITWORTH,<br><br>*Plaintiff,*<br><br>v.<br><br>FRANKLIN COUNTY DETENTION CENTER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00106-TES |

**ORDER**

Following the Court's order to do so, Plaintiff Miranda Whitworth filed a Recast Complaint [Doc. 4] that is now before the Court for frivolity review in accordance with 28 U.S.C. § 1915(e). In its previous Order [Doc. 3], the Court, in some detail, reviewed and discussed Plaintiff's factual allegations, so it will not reiterate them in this Order.

**A.   Procedural History**

Important for the Court's analysis below, however, is that in addition to various state law claims, Plaintiff (via her Recast Complaint) proceeds under 42 U.S.C. § 1983 to sue two deputy sheriffs from Franklin County, Georgia—Defendant Jonanthan Tyler Chambers and Defendant Danny Bryan Woods—in their individual capacities for alleged violations of her First, Fourth, and Fourteenth Amendment rights. [Doc. 4, pp. 2, 4–7]. Plaintiff also seeks relief under § 1983 and state law against Defendant Dr. Jason

Ross Touchton, an emergency room physician from St. Mary's Sacred Heart Hospital in Lavonia, Georgia.[1] [*Id.* at pp. 3–4, 6–7].

Some claims, namely Plaintiff's claims against the Franklin County Sheriff's Office and her official capacity claims against Deputy Chambers and Deputy Woods, have already been dismissed by the Court. [Doc. 3, pp. 4, 7–8]. Others, obviously, were allowed to proceed subject to Plaintiff streamlining—or "cleaning up"—her claims into one, operative pleading against the defendants that the law permits her to proceed against. When it comes to recasting her claims as ordered by the Court, Plaintiff has absolutely complied with its order. However, her Recast Complaint is subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim. *See* [Doc. 3, p. 6 (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989))].

Before continuing any further, the Court notes that Plaintiff contemporaneously filed a companion lawsuit for this case. *See* Complaint, *Whitworth v. St. Mary's Sacred Heart Hosp.* ("*Whitworth II*"), No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1. As part of its initial frivolity review for this case and for *Whitworth II*, the Court consolidated Plaintiff's cases. *See* [Doc. 3, pp. 2–5]. Upon further review, though, it's clear that Plaintiff's claims are untimely because the statute of limitations has expired with respect to her § 1983 claims asserted in both cases. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[1] In her Recast Complaint, Plaintiff asserts a "Medical Negligence" claim against Dr. Touchton pursuant to O.C.G.A. § 51-1-14 which states, "[a]ny violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered." [Doc. 4, p. 7].

(stating "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]").

### B.  Statute of Limitations

In her Recast Complaint, Plaintiff explicitly states that she "filed this [lawsuit] at this time to preserve her rights because the statute of limitations w[as] about to expire." [Doc. 4, p. 7]. Without question, Plaintiff alleges that the events giving rise to her § 1983 claims occurred on June 24, 2023—the date that is found in her Recast Complaint. [*Id.* at p. 4]; *see also Smith v. Mercer*, 580 F. App'x 871, 872 (11th Cir. 2014). The statute of limitations for claims brought under § 1983 are governed by the statute of limitations for a personal injury action in the state where the cause of action arose, which in this case is Georgia. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Personal injury actions in Georgia have a two-year statute of limitations. O.C.G.A. § 9-3-33 (". . . actions for injuries to the person shall be brought within two years after the right of action accrues . . ."); *see also Lovett v. Ray*, 327 F.3d 1181, 1182–83 (11th Cir. 2003). Thus, as discussed below, Plaintiff had until June 24, 2025, to file this case as well as *Whitworth II*. Given that she *filed* this case on June 27, 2025, and *Whitworth II* on June 30, 2025, her claims are time-barred. Here's why.

Under the Federal Rules of Civil Procedure, "[a] civil action is instituted only by 'filing a complaint with the court.'" *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. Mar. 1, 2001) (quoting Fed. R. Civ. P. 3). "When papers

3

are mailed to the clerk's office, filing is complete *when the papers are received* by the clerk." *Id.* (quoting *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam)) (emphasis added). "Papers arriving after a deadline are untimely even if mailed before the deadline." *Id.* (quoting *Clark v. Milam*, 152 F.R.D. 66, 69 (S.D. W.Va. 1993)). That's exactly what occurred here.

Plaintiff signed her original Complaint [Doc. 1] for this case on June 21, 2025, but it wasn't received by the Clerk of Court for docketing until June 27, 2025. *See, e.g.*, [Doc. 1, pp. 1 (stamp filed as received on "250627"), 7 (signed "06/21/2025")]. As for *Whitworth II*, Plaintiff signed that complaint on June 23, 2025. *See, e.g.*, Complaint, *Whitworth II*, Dkt. No. 1, p. 8 (signed "06/23/2025"). Now, to be candid, the Court notes that the complaint in *Whitworth II*—unlike the Complaint for this case—doesn't bear any notation of when it was "received" by the Clerk of Court. *See, e.g.*, Complaint, *Whitworth II*, Dkt. No. 1, p. 1. Notwithstanding this clerical oversight, the envelope in which Plaintiff mailed her documents for *Whitworth II* clearly indicates that she mailed them on June 24, 2025—the exact date the applicable statute of limitations for her § 1983 claims expired. *See, e.g.*, Envelope, *Whitworth II*, Dkt. No. 1-2, p. 1 (postmarked "JUN 24, 2025"); *see also Strickland*, 132 F. Supp. 2d at 1333 (discussing *Flaherty v. Ill. Dep't of Corrs.*, No. 94 C 1065, 1994 WL 687540, at *2 (N.D. Ill. 1994)). Thus, logic dictates that the Clerk of Court received—and filed upon receipt—Plaintiff's complaint in *Whitworth II* on June 30, 2025. *See, e.g.*, Complaint, *Whitworth II*, Dkt. No. 1, p. 1 (CM/ECF filing

notation of "Filed 06/30/25"). Put simply, Plaintiff filed this case and *Whitworth II* on June 27 and June 30, 2025, respectively, and even though the Court consolidated them because they are so related and intertwined with one another, it makes no difference. Even giving Plaintiff the benefit of the filing date for *this* case—June 27, 2025—she's still three days too late since she had to file suit for her § 1983 claims by June 24, 2025.

"Dismissal [for failure to state a claim] 'on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.'" *Winston v. Walsh*, No. 5:19-cv-00070-TES, 2019 WL 3068451, at *3 (M.D. Ga. July 12, 2019) (quoting *Bhd. of Locomotive Eng'rs v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008)). "This is because [a] statute of limitations bar is an affirmative defense," and a plaintiff is "not required to negate an affirmative defense in [her] complaint." *Id.* (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)) (cleaned up).

Here, it is apparent from the face of Plaintiff's Recast Complaint that her § 1983 claims are time-barred; thus, sua sponte dismissal of those claims by the Court is appropriate. *See Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a § 1983 complaint sua sponte, without requiring any responsive pleadings, for failure to state a claim if the action would be barred by the state's statute of limitations."); *see also Mercer*, 580 F. App'x at 872–73 (affirming sua sponte dismissal of § 1983 claims as time-barred). When a party elects to file her complaint near the end of the statute of limitations and relies on the postal service in

delivering that complaint, she runs the risk of an untimely filing. *Strickland*, 132 F. Supp. 2d at 1333. Litigants ought to "be required to assume some minimum responsibility . . . for an orderly and expeditious resolution of [their] dispute[s]," and Plaintiff is no different. *Id.* (quoting *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983)). In fact, Plaintiff's allegations show that she understood the time for filing her lawsuit was drawing near, and her pro se status does not alter the analysis. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining a party who proceeds pro se must comply with the same procedural rules that other litigants must follow); *see, e.g.*, [Doc. 4, p. 7].

Since Plaintiff chose to mail her documents rather than hand deliver them to the local divisional clerk's office in Athens, Georgia—or to any of the divisional clerk's offices within the Middle District of Georgia—the claims pressed in her Recast Complaint under § 1983 are time-barred. For this reason, pursuant to § 1915(e)(2)(B)(ii), the Court **DISMISSES** Plaintiff's § 1983 claims asserted in her Recast Complaint **without prejudice** for failure to state a claim.[2]

C.   <u>Supplemental Jurisdiction</u>

Having disposed of Plaintiff's § 1983 claims—the only federal claims asserted in this case—all that remains are state law claims, and the Court is not required to decide

---

[2] Since the applicable statute of limitations has run with respect to Plaintiff's § 1983 claims, the Court's dismissal without prejudice is tantamount to dismissal with prejudice. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing [her] claim[s] due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).

them. Federal courts may exercise supplemental jurisdiction over state law claims "in any civil action of which [they] have original jurisdiction." 28 U.S.C. § 1367(a). "[D]istrict courts may," however, "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. of Mia.-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Recognizing this hard-and-fast rule, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Chambers, Defendant Woods, and Dr. Touchton in accordance with the considerable discretion afforded to it by § 1367(c)(3). The Court, therefore, notwithstanding its serious concerns regarding the statute of limitations for Plaintiff's claims of "false arrest," "false imprisonment," "battery," and "medical negligence," *see* O.C.G.A. § 9-3-33, **DISMISSES** them **without prejudice**. *See, e.g.*, [Doc. 4, p. 7]. If Plaintiff still wishes to pursue her state law claims, she must refile them in the appropriate state court. *See Artis v. District of Columbia*, 583 U.S. 71, 77 (2018) ("If a district court declines to exercise jurisdiction over a claim

asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court.").

### D.     Conclusion

As discussed more fully above, the Court **DISMISSES** Plaintiff's § 1983 claims **without prejudice** because they are time-barred by the applicable statute of limitations. As for Plaintiff's remaining state law claims, the Court declines to exercise supplemental jurisdiction, and it **DISMISSES** those claims **without prejudice** as well. The Court **DIRECTS** the Clerk of Court to **ENTER** Judgment accordingly and **CLOSE** this case.

**SO ORDERED**, this 26th day of August, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**