# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| MIRANDA WHITWORTH,<br><br>*Plaintiff,*<br><br>v.<br><br>FRANKLIN COUNTY DETENTION CENTER, *et al.*,<br><br>*Defendants.* | CIVIL ACTION NO.<br>3:25-cv-00106-TES |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

After the Court dismissed pro se Plaintiff Miranda Whitworth's claims brought pursuant to 42 U.S.C. § 1983 as time-barred by the applicable statute of limitations, she filed a Motion for Reconsideration [Doc. 7]. In her motion, Plaintiff relies on Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). [Doc. 7, p. 2]. These two provisions within Rule 60(b) permit relief from a final judgment, order, or proceeding due to: "(1) mistake, inadvertence, surprise, or excusable neglect" or for "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). After careful review of Plaintiff's motion and the applicable law, reconsideration is **DENIED**.

As a brief recap, the Court sua sponte dismissed Plaintiff's § 1983 claims as time-barred.[1] [Doc. 5, pp. 3–6]; *see United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296

---

[1] The Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and she may pursue them in state court. [Doc. 5, pp. 7–8]; *see Artis v. District of Columbia*, 583 U.S. 71, 77 (2018).

(11th Cir. 2021) (holding that a district court may properly dismiss a complaint for failure to state a claim if it is apparent from the face of the complaint that the applicable statute of limitations bars the claim); *Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a § 1983 complaint sua sponte, without requiring any responsive pleadings, for failure to state a claim if the action would be barred by the state's statute of limitations."); *Smith v. Mercer*, 580 F. App'x 871, 872–73 (11th Cir. 2014) (affirming sua sponte dismissal of § 1983 claims as time-barred). Notwithstanding the fact that the applicable statute of limitations for Plaintiff's § 1983 claims was *within days* of expiring, Plaintiff mailed her documents to the Clerk of Court instead of physically taking "them to the local divisional clerk's office in Athens, Georgia—or to any of the divisional clerk's offices within the Middle District of Georgia." [Doc. 5, p. 6]. In this case, that course of action caused her filings to be untimely. Not by much, but they were nonetheless filed with the Clerk of Court too late.

    A.    **The Court's Dismissal on Statute of Limitations Grounds**

From the date found on the face of her pleadings—June 24, 2023—it was absolutely clear that Plaintiff let the applicable, two-year statute of limitations expire. *See* [Doc. 1, p. 4 (listing occurrence date as "June 24, 2023")], and Complaint, *Whitworth v. St. Mary's Sacred Heart Hosp.* ("*Whitworth II*"), No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at p. 5 (listing occurrence date as "June 24, 2023"), *in connection with Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding that the statute of limitations for claims

2

brought under § 1983 is governed by the statute of limitations for personal injury actions in the state where the cause of action arose), *and* O.C.G.A. § 9-3-33 (". . . actions for injuries to the person shall be brought within two years after the right of action accrues . . ."). Plaintiff filed this case on June 27, 2025. *See* [Doc. 1, p. 1 (stamp filed as received on "250627")]. And she filed *Whitworth II* on June 30, 2025. *See* Complaint, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at p. 1 (CM/ECF filing notation of "Filed 06/30/25"); *see also* [Doc. 5, pp. 4–5]. Therefore, both cases—because "the events giving rise to" her § 1983 claims occurred on June 24, 2023—needed to be filed by June 24, 2025, and they were not. [Doc. 1, p. 4]; Complaint, *Whitworth II*, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at p. 5.

   The Court will not fully recycle its positions here as they can be found in its previous Order, but Federal Rule of Civil Procedure 3 is clear: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see generally* [Doc. 5]. Further, to define what constitutes filings, Rule 5 is equally as clear: "A paper not filed electronically *is filed* by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2) (emphasis added). That's it—filing is done either by (A) or by (B). Rule 3 does not say that "[a] civil action is commenced by [signing a complaint and placing it in the mail]." A "lawsuit is considered filed on the date the [C]lerk [of Court] receives the complaint." *Joye v. Sec. Dep't of Navy*, 736 F. App'x 861,

864 (11th Cir. 2018) (citing *Robinson v. City of Fairfield*, 750 F.2d 1507, 1509 n.2 (11th Cir. 1985) ("[F]or purposes of determining whether the plaintiff commenced [an] action within the required [limitations] period, we look only to the date on which the [C]lerk [of Court] actually received the [complaint].")).

B.   **Plaintiff's Motion for Reconsideration**

As grounds for reconsideration, Plaintiff contends that there were three reasons why she let the statute of limitations expire with respect to her § 1983 claims asserted in both this case and *Whitworth II*. *See generally* [Doc. 7]. According to Plaintiff, these three reasons were "entirely beyond [her] control." [*Id.* at p. 1]. As far as Rule 60(b) is concerned, Plaintiff argues that "excusable neglect and extraordinary circumstances warrant[] relief" from the Court's ruling. [*Id.* at p. 3]; Fed. R. Civ. P. 60(b)(1) & (6). In other words, Plaintiff wants the Court—through the federal doctrine of equitable tolling—to waive the applicable statute of limitations for her § 1983 claims and allow them to proceed (at least until such time as the affirmative defense is raised by her adversaries).[2]

---

[2] The Court acknowledges that statutes of limitation are usually issues raised by an affirmative defense. Nonetheless, when a plaintiff proceeds *in forma pauperis* in a civil action (as Plaintiff has been permitted to proceed here), courts, as just discussed, may consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action," a dismissal under § 1915(e) "is allowed." *Clark*, 915 F.2d at 640; *see also Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007) (holding that "the district court did not err by dismissing the complaint . . . because . . . an affirmative defense . . . was clear from the face of the complaint").

Stated differently, "[t]he expiration of the statute of limitations is an affirmative defense[,] the existence of which warrants dismissal as frivolous" under § 1915(e)(2)(B)(i). *Clark*, 915 F.2d at 640 n.2

4

### 1. Equitable Tolling

While Plaintiff doesn't put forth the exact legal term, she essentially argues that she is entitled to equitable tolling. Thus, in affording her the liberal construction she is due because of her pro se status, the Court undertakes an equitable tolling analysis. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Under the doctrine of equitable tolling, the party seeking to toll a limitations period must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc). "To satisfy the diligence requirement, a plaintiff must show only 'reasonable diligence,' not 'maximum feasible diligence.'" *Zamudio v. Haskins*, 775 F. App'x 614, 616 (11th Cir. 2019) (quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). The Supreme Court has stressed that equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 96 (1990); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Generally, "equitable tolling is reserved for cases involving some affirmative misconduct or deception on the part of the adverse

---

(citation omitted). Dismissal equally would be warranted for failure to state a claim under § 1915(e)(2)(B)(ii). *See Okpala*, 248 F. App'x at 73 ("Where, as here, an affirmative defense appears on the face of a . . . complaint, thereby revealing that the [plaintiff] cannot state a claim, [§ 1915(e)] continues to require a district court to dismiss the complaint.") (citing *Jones v. Bock*, 549 U.S. 199, 220–21 (2007)); *see also Moon v. Russell Cnty. Jail*, No. 3:20-cv-727-WKW-JTA, 2020 WL 5997120, at *1 (M.D. Ala. Sept. 17, 2020) ("When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.") (citing *Jones*, 549 U.S. at 215).

party." *Zamudio*, 775 F. App'x at 616 (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)). In other words, equitable tolling is really only allowed in situations "where the [plaintiff] has actively pursued [her] judicial remedies by filing a defective pleading *during* the statutory period," or where the [plaintiff] has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96 (emphasis added).

### 2. Plaintiff's Reliance on Advice from Her Criminal Defense Lawyer

Plaintiff's first basis for "excusable neglect and extraordinary circumstances" and why the Court should just ignore—or, toll the applicable statute of limitations for her § 1983 claims does not carry the day. With respect to when Plaintiff mailed the pleadings for this case and *Whitworth II*, it appears she relied on advice from her criminal defense lawyer—the attorney who is "resolv[ing] [her] criminal charges" related to this case and potentially to those discussed in *Whitworth v. Chambers*—which, the Court guesses is now as good a time as any to label as "*Whitworth III*."[3] [Doc. 7, p. 1]; *see generally* Complaint, No. 3:25-cv-00138-TES (M.D. Ga. Aug. 28, 2025), Dkt. No. 1. What was that advice? According to Plaintiff's motion for reconsideration, it was regarding when and how to commence a civil lawsuit in federal court. [Doc. 7, pp. 1–2].

---

[3] Plaintiff's allegations in *Whitworth III* have been reviewed by the Court pursuant to 28 U.S.C. § 1915(e), and the Court directed service on the defendants named in that lawsuit on September 2, 2025. *See* Order, No. 3:25-cv-00138-TES (M.D. Ga. Sept. 2, 2025), Dkt. No. 3.

6

In seeking reconsideration, Plaintiff states that her criminal defense lawyer "assured [her] that as long as [her] civil filing[s] [were] postmarked by the statute of limitations date, [they] would be deemed timely." [*Id.* at p. 1]. However, as the Court explained in its previous Order, and as Plaintiff "later learned," that's not true. [*Id.* at p. 2]. "[F]iling is complete when the papers are received by the clerk." [Doc. 5, p. 3 (citing *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. Mar. 1, 2001))]. "Papers arriving after a deadline are untimely even if mailed before the deadline." [*Id.*]. Perhaps Plaintiff's criminal defense lawyer was thinking about the prison mailbox rule? "Under the 'prison mailbox rule,' a pro se *prisoner's* court filing is *deemed filed* on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). However, Plaintiff doesn't get to inure the benefit of the prison mailbox rule as she was not in custody when she mailed her pleadings for this case or for *Whitworth II*. *Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) (per curiam) ("Turning to the filing date of [the plaintiff's] complaint, the filing date for a § 1983 complaint *filed by a pro se prisoner* 'shall be that of delivery to prison officials.'") (quoting *Garvey v. Vaugh*, 993 F.3d 776, 782 (11th Cir. 1993)) (emphasis added); *see, e.g.*, [Doc. 1-1, p. 1]; Envelope, *Whitworth II*, Dkt. No. 1-2 at p. 1. Thus, when someone (who is not in jail or prison) delivers papers to a postal worker or deposits them in the mail for delivery, their lawsuit has not been filed. Fed. R. Civ. P. 3.

7

To be clear, as federal law unequivocally permits, Plaintiff is and has always been pro se in her civil lawsuits before this Court, and her statements in her motion for reconsideration do nothing to suggest that her criminal defense lawyer represents her in any capacity for those lawsuits.[4] 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally . . . ."); *see generally* [Doc. 7]. Put simply, Plaintiff's reliance on her *criminal defense* lawyer's "assurance" that allegedly caused or led to the delinquent commencement of this case and *Whitworth II*—lawsuits for which she chose to act as her own attorney—cannot be attributed to anyone but herself. Plaintiff argues that "[t]he delay in receipt was caused by reliance on incorrect legal advice from [her] assigned [lawyer]," but that doesn't change the fact that for a party to commence a civil lawsuit, the lawsuit *must* be filed "with the court." Fed. R. Civ. P. 3. Pro se or not, Plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Only Plaintiff's *allegations* are subject to more lenient, liberal construction. *Hughes*, 350 F.3d at 1160.

To whatever extent Plaintiff truly relied on her criminal defense lawyer's advice for "commenc[ing]" *her civil lawsuits*, *see* Fed. R. Civ. P. 3, she chose to proceed pro se

---

[4] With respect to Plaintiff's "civil lawsuits before *this* Court," the Court is only referring to this case, *Whitworth II*, and *Whitworth III*. The Court's search of the full docket for the Middle District of Georgia shows that Plaintiff has a fourth lawsuit that has been filed. As of the date of this Order, the Court can confirm that Plaintiff is proceeding pro se in that case as well, but it is assigned to another District Judge. *See* Complaint, *Whitworth v. Franklin Cnty. Det. Ctr.*, No. 3:25-cv-00072-CDL-AGH (M.D. Ga. May 7, 2025), Dkt. No. 1.

and act as her own counsel, and in doing so—like all pro se litigants risk doing—she relied on that advice to her detriment. That said, with respect to *the criminal charges* Plaintiff discusses in her civil lawsuits, the Sixth Amendment absolutely guarantees Plaintiff a criminal defense attorney for her defense against a criminal prosecution, but only for matters "intimately related to *the criminal process*." *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010); *see also* 559 U.S. at 388 (Scalia, J., dissenting) (alteration adopted). In *Padilla*, the Supreme Court held that the Sixth Amendment obligates criminal defense attorneys to advise and inform their clients on matters that may affect whether a client enters a guilty plea or proceeds to trial. *Id.* at 368, 373–74. That obligation, of course, bestows on criminal defense lawyers the "quintessential[] . . . duty" to counsel their clients on matters that may carry unexpected and severe post-conviction consequences. *Id.* at 371, 373–74. Thus, whatever "assurance" Plaintiff allegedly relied upon from her criminal defense lawyer as to when or how to timely file this case or *Whitworth II*—it's not "intimately related to the criminal process." *Id.* at 365; [Doc. 7, p. 1].

The Sixth Amendment does not require criminal defense lawyers who are actively engaged in representing a criminal defendant to provide advice or, as Plaintiff phrases it, "initial guidance" concerning the applicable statute of limitations for § 1983 claims brought in civil lawsuits for which the litigant is proceeding pro se.[5] [Doc. 7, p.

---

[5] Although it appears that communications from her criminal defense lawyer have been strained, she makes it quite clear that this attorney is still "officially assigned" as her criminal defense lawyer. [Doc. 7, pp. 1–2].

1]. In short, what Plaintiff argues constitutes excusable neglect, doesn't.

All of that to say this, bad legal advice does not support equitable tolling. This remains true notwithstanding Plaintiff's assertion of good faith in relying on that bad advice. [*Id.* at p. 2]. The binding precedent of the Eleventh Circuit does not deem "attorney negligence, however gross or egregious, . . . as an 'extraordinary circumstance' for purposes of equitable tolling." *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) (quoting *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir. 2014)). Thus, even assuming Plaintiff's criminal defense lawyer gave her bad advice, that advice does not warrant equitable tolling because she—in acting as her own attorney for her civil lawsuits—"had the ability to choose not to rely upon it." *Id.* On this issue, the Eleventh Circuit couldn't be clearer. "[Pro se] litigants, like all others, are deemed to know [when a] statute of limitations expires," and "a lack of a legal education [has never been] an excuse for a failure to file in a timely fashion."[6] *Id.* (first quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007); and then citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

---

[6] On this, the Court notes that it appears Plaintiff was absolutely aware that the statute of limitations for her § 1983 claims was going to expire some *six months* before she attempted to file this case and *Whitworth I* by placing her pleadings in the mail. [Doc. 7, p. 2].

10

### 3. Plaintiff's Failure to Diligently Pursue Her Rights

Plaintiff fares no better with her second or third bases for "excusable neglect and extraordinary circumstances." She argues that a "prolonged lack of communication and misdirection" from the Franklin County District Attorney's Office "materially hindered [her] ability to pursue appropriate remedies." [Doc. 7, p. 2]. Plaintiff's allegation, however, that she, for more than 18 months, "received no updates or correspondence from the District Attorney's [O]ffice" has absolutely no bearing on her ability to timely file her lawsuits in federal court. [*Id.*]. Plaintiff knew and was aware of all of the factual allegations she needed to support her § 1983 claims. In fact, as evidenced by the Court's initial review of Plaintiff's allegations contained in her pleadings for this case and for *Whitworth II*, they (even without a lot of liberal construction) provided a detailed account of what happened in the early morning hours of June 24, 2023. [Doc. 1, pp. 4–6]; *see also* Complaint, *Whitworth II*, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at pp. 4–6; *see generally* [Doc. 3].

Although Plaintiff says that she later learned—"only through [her] own inquiry"—that the District Attorney's Office does not handle complaints against the Sheriff's Office, she cannot blame the District Attorney's Office for her failure to timely file this case and *Whitworth II* before the expiration of the statute of limitations. [Doc. 7, p. 2]. Even conceding some "delay" by the District Attorney's Office, Plaintiff, in the alleged 18-month window, had ample time to take matters into her own hands and

11

deposit her papers in the mail to ensure their timely delivery "to the court" for filing. Fed. R. Civ. P. 3. Plaintiff's failure to diligently act in spite of the alleged 18-month delay from the District Attorney's Office—*that's* the delay Plaintiff needs to account for.

### 4. Plaintiff's Misplaced Reliance on Retaliation Allegations

In her third and last reason for why "excusable neglect and extraordinary circumstances" warrant reconsideration, Plaintiff argues that "retaliatory conduct" from the Franklin Country Sheriff's Office "delayed [her] ability to proceed" in filing this case and *Whitworth II* before the statute of limitations expired for her § 1983 claims. [Doc. 7, p. 2]. Here's what she says.

"Approximately four months" after Plaintiff allegedly submitted her "complaint[s] and letter of intent" to sue the Franklin Country Sheriff's Office for the allegations complained of in this case, she says that she was "subjected to retaliation." [*Id.*]. While these retaliation allegations are more than covered by Plaintiff's claims in *Whitworth III*, she nevertheless tries to use them as an excuse for the untimely filing of this case and *Whitworth II*. *See generally* Complaint, *Whitworth III*, No. 3:25-cv-00138-TES (M.D. Ga. Aug. 28, 2025), Dkt. No. 1. Her efforts are unavailing. The retaliation allegations on which Plaintiff relies in support of reconsideration do not explain why she allowed a two-year statute of limitations to expire. *See, e.g.*, [Doc. 7, p. 2]. As is clear from her pleading in *Whitworth III*, law enforcement detained Plaintiff on October 10, 2023, and "[a]fter [she] was released," she was immediately driven home. Complaint,

12

No. 3:25-cv-00138-TES (M.D. Ga. Aug. 28, 2025), Dkt. No. 1 at pp. 4–5. Conveniently, Plaintiff doesn't tell the Court for how long authorities detained her, but it couldn't have been for as long as Plaintiff needs in order to overcome her statute-of-limitations hurdle because she claims that her boyfriend could still observe "extensive bruising on her arms" and "visible swelling [o]n her neck" as a result of the allegations she presses in *Whitworth III*. *See, e.g.*, [Doc. 7, p. 2]; *see also* Complaint, No. 3:25-cv-00138-TES (M.D. Ga. Aug. 28, 2025), Dkt. No. 1 at p. 5.

### C.   Conclusion

At bottom, Plaintiff has failed to offer any reasonable explanation that would excuse *her* failure to act during the applicable two-year period. "[E]quitable tolling is available only if [the plaintiff] establishes both extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Here, Plaintiff shows neither.

Acting as her own attorney, rather than rely on the advice of her criminal defense lawyer or wait around on local government officials to tell her what to do, she could've filed this case and *Whitworth II* a day after, a week after, a month after, a year after, or even *two years* after "the events giving rise to" her § 1983 claims "occurred." [Doc. 1, p. 4]; Complaint, *Whitworth II*, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at p. 5. But she didn't. She waited until the eleventh hour to deposit her papers in the mail, and that's not sufficient to "commence" a lawsuit in federal court. Fed. R. Civ. P.

13

3. By mailing papers for this case and for *Whitworth II*, they were filed *more than two years after* "the events giving rise to" her § 1983 claims "occurred," and that's too late. [Doc. 1, p. 4]; Complaint, *Whitworth II*, No. 3:25-cv-00108-TES (M.D. Ga. June 30, 2025), Dkt. No. 1 at p. 5.

Plaintiff's "excuses" for letting the statute of limitations expire for her § 1983 claims in this case and in *Whitworth II* show a lack of reasonable diligence on her part. Nothing in the record for his case or for *Whitworth II* indicates that Plaintiff attempted to pursue her rights *in federal court* before June 24, 2025. *See Spears*, 605 F. App'x at 905. Consequently, she cannot satisfy her burden of showing that equitable tolling would be warranted under federal standards. Her arguments do not show, in any way, how her criminal defense lawyer or local government officials prevented her or somehow tricked her (as pro se litigant conducting her own affairs in federal court) from diligently pursing her rights. 28 U.S.C. § 1654; *see Irwin*, 498 U.S. at 96.

Limitation periods are an important part of the law, they "are not mere technicalities." *Zamudio*, 775 F. App'x at 615. "[T]hey serve an important purpose in our legal system by requiring "plaintiffs to pursue diligent prosecution of known claims." *Id.* (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). Here, Plaintiff undoubtedly knew of her claims, but she categorically failed to pursue them diligently. "Statutes of limitations promote justice by preventing surprises through plaintiffs' revival of claims that have been allowed to slumber until evidence has been lost, memories have faded,

and witnesses have disappeared." *Id.* Mindful that federal courts are "generally . . . much less forgiving in receiving late filings where the [plaintiff] failed to exercise due diligence in preserving [her] legal rights," the Court finds that Plaintiff's arguments constitute neither "excusable neglect" under Rule 60(b)(2) nor "extraordinary circumstances" under Rule 60(b)(6)'s "any other reason that justifies relief" standard. *Irwin*, 498 U.S. at 96; *Diaz*, 362 F.3d at 702. Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

    **SO ORDERED**, this 12th day of September, 2025.

                                *S/ Tilman E. Self, III*
                                **TILMAN E. SELF, III**
                                **UNITED STATES DISTRICT JUDGE**